**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MAHAMAT ISSA KOROM, | Civil Action No. 26-3780 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Mahamat Issa Korom's habeas petition challenging his ongoing immigration detention.  (ECF No. 1.) Following an order to show cause, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied.  (ECF No. 7.)  For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Chad who crossed the southern border on or about August 20, 2024, without admission or inspection by an immigration officer.  (ECF No. 6-1 at 2-3.)  Petitioner was briefly taken into custody on August 20, 2024, but was thereafter released from custody.  (*Id.*)  On November 14, 2024, Petitioner was issued a notice to appear for removal proceedings.  (*Id.*)  Petitioner was taken back into custody by immigration officials on January 8, 2026, where he has remained detained without bond under the Government's interpretation of 8 U.S.C. § 1225(b)(2).  (*Id.* at 3-4.)  Petitioner has "[n]o known criminal history in the United States." (*Id.* at 4.)

In responding to Petitioner's habeas petition and this Court's order to show cause, the Government contends Petitioner is lawfully detained as an applicant for admission under 8 U.S.C.

1

§ 1225(b)(2).  (*See* ECF No. 6.)   The Government acknowledges, however, that their position "relies on the same statutory-interpretation arguments," (ECF No. 6 at 3), this Court previously rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who crossed the border without admission or inspection and remained in the United States for over a year before he was taken into custody, he clearly may not be held under 8 U.S.C. § 1225(b)(2) under this Court's prior decisions.  *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful.  *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility.  As this Court has explained,

2

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: April 16, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3